```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                  COLUMBUS DIVISION
```

NISSAN MOTOR ACCEPTANCE          *
CORPORATION,
                                 *
    Plaintiff,
                                 *
vs.                                    CASE NO. 4:10-CV-111 (CDL)
                                 *
SOWEGA MOTORS INC., ROBERT W.
DOLL and SANDRA W. DOLL,         *

    Defendants.                  *

O R D E R

Presently pending before the Court is Plaintiff Nissan Motor Acceptance Corporation's ("NMAC") Motion for Entry of Final Judgment Against Defendant Robert W. Doll On Counts I Through III and for Injunction Prohibiting Further Pretrial Transfers (ECF No. 62). For the reasons set forth below, the motion is granted in part and denied in part. NMAC is entitled to a final judgment as to Counts I through III of its Complaint, but NMAC is not entitled to the injunctive relief it seeks.

DISCUSSION

**I.   Background**

NMAC filed this action seeking to enforce personal guaranties made by Defendant Robert W. Doll ("Mr. Doll") in connection with NMAC's loans to Mr. Doll's car dealership businesses. The Court previously granted summary judgment to

NMAC on its claims for enforcement of the personal guaranties. *Nissan Motor Acceptance Corp. v. Sowega Motors Inc.*, No. 4:10-CV-111 (CDL), 2012 WL 3987417, at *7-*9 (M.D. Ga. Sept. 11, 2012). The Court concluded that Mr. Doll is liable to NMAC in the amount of $1,418,059.73. *Id.* at *11.

NMAC also asserts that Mr. Doll fraudulently transferred certain property to his wife, Defendant Sandra W. Doll ("Mrs. Doll"), in order to keep NMAC from collecting sums due under the loan agreements. The Court previously found that a genuine fact dispute exists as to whether Mr. Doll fraudulently transferred the property to Mrs. Doll. *Id.* at *9. The Court noted that it would be a "factually intensive exercise" to reconcile the disputed evidence—an exercise "best left to a jury." *Id.*

## II. NMAC's Rule 54(b) Motion

NMAC seeks entry of a final judgment on the personal guaranty claims. Pl.'s Mot. for Entry of Final J. Against Def. Robert W. Doll on Counts I Through III and for Injunction Prohibiting Further Pretrial Transfers, ECF No. 62 [hereinafter Pl.'s Rule 54(b) Mot.]. Under Federal Rule of Civil Procedure 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Mr. Doll represents that he cannot assert that there is reason for delay, and he does not object to

2

the entry of final judgment against him. Accordingly, NMAC's motion for entry of final judgment under Rule 54(b) is granted.

### III. NMAC's Motion for Injunction

NMAC also seeks an order enjoining Mr. and Mrs. Doll from transferring or otherwise encumbering their assets during the pendency of this action. NMAC contends that it is entitled to a preliminary injunction under Federal Rule of Civil Procedure 65(a). "A preliminary injunction may be granted to a moving party who establishes (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Ga. Latino Alliance for Human Rights v. Governor of Ga.*, 691 F.3d 1250, 1262 (11th Cir. 2012) (internal quotation marks omitted). NMAC has not, however, established that it has a substantial likelihood of success on the merits of its fraudulent transfer claim or that it will suffer an irreparable injury unless the injunction issues. Therefore, the balance of equities weighs against the requested injunction, and the requested injunction would not be in the public interest. For the same reasons, NMAC is not entitled to an injunction under Federal Rule of Civil Procedure 64 and the Georgia Uniform Fraudulent Transfers Act.

CONCLUSION

For the reasons set forth above, NMAC's Motion for Entry of Final Judgment Against Defendant Robert W. Doll On Counts I Through III and for Injunction Prohibiting Further Pretrial Transfers (ECF No. 62) is granted in part and denied in part. NMAC's motion for a preliminary injunction is denied. NMAC's motion for entry of final judgment under Rule 54(b) is granted. The Clerk of the Court is directed to enter final judgment in favor of NMAC and against Mr. Doll in the amount of $1,418,059.73.

IT IS SO ORDERED, this 24th day of October, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE